O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE LOPEZ ALEGRIA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 14-6573 RNB<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

The sole disputed issue listed in the Joint Stipulation ("Jt Stip") is whether the ALJ made a proper step two determination in light of the "mandatory psychiatric review technique" for mental impairments. (See Jt Stip at 4.) The Court now rules as follows with respect to that issue.[1]

Step two of the Commissioner's sequential evaluation process requires the ALJ

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

to determine whether an impairment is severe or not severe. See 20 C.F.R. §§ 404.1520(a), 416.920(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Basic work activities also include mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28.[2] The Ninth Circuit has described step two as "a de minimis screening device to dispose of groundless claims." See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

In order to determine whether a claimant has a severe *mental* impairment, an ALJ must apply a "special psychiatric review technique" as follows: "determine whether the claimant has a medically determinable impairment, rate the degree of limitation for four functional areas, determine the severity of the mental impairment (in part based on the degree of functional limitation), and then, if the impairment is severe, proceed to step three of the disability analysis." See Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011) (citations omitted).[3] An ALJ's

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] The four functional areas that an ALJ must rate for limitations when applying the psychiatric review technique are activities of daily living; social

failure to apply the psychiatric review technique is not harmless error if the claimant has a "colorable claim of mental impairment." See id. at 726.

Here, plaintiff alleged disability in part on short-term memory loss. (See AR 40, 50, 83.) The record contains no evidence that plaintiff received mental health treatment. A psychologist, Dr. Mary Anne Rust, conducted a comprehensive psychological evaluation and concluded that she could not verify that plaintiff had significant short-term memory problems. (See AR 287.) But Dr. Rust also opined, in pertinent part, that plaintiff had a Global Assessment of Functioning ("GAF") score of 60[4] and "moderate" limitations in two areas of mental functioning: (1) the ability to maintain regular attendance in the work place and perform work activities on a consistent basis, because "[k]nee pain could disrupt her attention and distract her performance"; and (2) the ability to perform work activities without special or additional supervision, because plaintiff "does better with visual and hands on tasks and training rather than just receiving verbal instructions." (See AR 287, 288.)

For purposes of her step two determination, the ALJ declined to classify short-term memory loss (or any other mental impairment) as one of plaintiff's severe impairments. (See AR 27.) In so finding, the ALJ briefly discussed Dr. Rust's opinion and found that plaintiff has "no medically determinable mental impairment of short-term memory loss" and "no psychological limitations." (See AR 29.)

Although plaintiff contends that the ALJ erred by failing to document her

---

functioning; concentration, persistence, or pace; and episodes of decompensation. See 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

[4]   A GAF score of 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (4th ed.); see also Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014).

3

application of the psychiatric review technique (see Jt Stip at 6-7), the Court disagrees. Since the ALJ's step two determination included the ALJ's threshold determination that plaintiff had "no medically determinable mental impairment of short-term memory loss," the ALJ's obligation to apply the psychiatric review technique terminated, rendering it unnecessary to document the remaining steps. See 20 C.F.R. §§ 404.1520(a), 416.920(a) (under the psychiatric review technique, the Commissioner "must *first* evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable impairment(s)") (emphasis added); Coleman v. Colvin, 524 F. App'x 325, 326 (9th Cir. 2013) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (ALJ had no duty to apply the special psychiatric review technique where claimant failed to establish a medically determinable mental impairment); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (disability claimant may be disqualified at step two when he fails to show that he has a medically determinable impairment); Bunnell v. Sullivan, 947 F.2d 341, 349 (9th Cir. 1991) (en banc) (the Commissioner's regulations "require a claimant to present medical findings establishing an impairment" as a "*prerequisite*" to the disability evaluation) (emphasis added). Moreover, the Court concurs with the ALJ's threshold finding that plaintiff did not have a medically determinable mental impairment of short-term memory loss or any other mental impairment because the record reflects that the medical professionals, including Dr. Rust, who considered plaintiff's allegation made no diagnosis. (See AR 69-70, 287.) Accordingly, the Court finds no legal error in the ALJ's supposed failure to properly apply the psychiatric review technique.

In any event, even assuming arguendo that the ALJ did commit legal error in this regard, the Court finds, for the following reasons, that any such error was harmless because plaintiff did not have a colorable claim of mental impairment. See Keyser, 648 F.3d at 726. First, although plaintiff contends that she had a "severe" mental impairment because Dr. Rust gave her a GAF score of 60 and found moderate

limitations in two areas of functioning (see Jt Stip at 6, 10), evidence of these symptoms alone, without a diagnosis, is insufficient to establish the existence of an impairment, much less a severe impairment. See 20 C.F.R. §§ 404.1529(b), 416.929(b) (a claimant's symptoms will not be found to affect his ability to do basic work activities unless the evidence shows a medically determinable impairment); Ukolov, 420 F.3d at 1006 (physician's finding of gait and imbalance difficulties, unaccompanied by a diagnosis or finding of impairment, was insufficient to establish a medically determinable impairment); cf. Keyser, 648 F.3d at 726 (finding a colorable claim of mental impairment in part where the claimant had a diagnosis of bipolar disorder with paranoid and schizotypal personality traits). It follows that "because [plaintiff] failed to establish a medically determinable impairment, she necessarily also failed to establish a colorable claim of mental impairment." See Coleman, 524 F. App'x at 326.[5]

Second, the symptoms identified by Dr. Rust did not even appear to be attributable to a colorable claim of mental impairment. Rather, it appeared that the GAF score and moderate limitations identified by Dr. Rust were attributable to plaintiff's knee pain, her ability to function better with visual and hands-on tasks rather than with verbal instructions, and psychosocial stressors such as her physical problems, a recent move, financial problems, unemployment, and being a single parent. (See AR 287, 288.)

Finally, notwithstanding the symptoms identified by Dr. Rust, her opinion on the whole was inconsistent with a colorable claim of mental impairment. Rather, Dr.

---

[5] Although plaintiff cites a prior decision of this Court where the Court found that evidence of a claimant's GAF score of 60 and moderate limitations were sufficient to establish the existence of a severe mental impairment (see Jt Stip at 10), that decision is distinguishable because the claimant there had a medically determinable mental impairment of depression. See Zaldana v. Astrue, 2012 WL 3307007, at *5 (C.D. Cal. Aug. 13, 2012).

Rust found on the whole that plaintiff's psychiatric prognosis was good; that she was "cooperative, sincere, attentive, and motivated to perform"; and that she had "no apparent psychological or emotional problems to hinder work output." (See AR 288.) These findings further militate in favor of a finding that any failure by the ALJ to properly apply the psychiatric review technique was harmless error. See Moore v. Commissioner of Social Sec., 500 F. App'x 638, 640 (9th Cir. 2012) (ALJ's failure to follow the psychiatric review technique was harmless error where examining psychologist diagnosed borderline intellectual functioning but nonetheless opined that claimant had "the requisite cognitive skills to employ these [skills] in the labor market should her medical conditions permit").

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: April 27, 2015

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE